IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA        )
                                )
    v.                          )    CRIMINAL ACTION NO.
                                )       2:93cr165-MHT
DARRYL RAY NEWTON               )          (WO)

## OPINION AND ORDER

It has come to the attention of the court that defendant Darryl Ray Newton has been under the supervision of this court's Probation Department since October 22, 1993, after being found "not guilty only by reason of insanity." 18 U.S.C. § 4242(b)(3). Because the court is concerned whether Newton's continued supervision is still necessary after 17 years and because, if so, the court is concerned whether the conditions for his supervision are still appropriate, the court will, for the reasons set forth below, set these two issues for an immediate hearing. Also, so as to help assure that, if his supervision remains necessary, the

conditions for it remain appropriate and the supervision itself not last any longer than needed, the court will set dates for additional, periodic hearings on these two issues.

## I. BACKGROUND

### a. Newton's 1993 Plea

Newton pled not guilty only by reason of insanity to the charges of knowingly making false statements in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6), and possession of a firearm by a person who had been committed to a mental institution, 18 U.S.C. § 922(g)(4). In purchasing a Ruger, Model 10-22 .22 caliber semi-automatic rifle, Newton stated that he had never been adjudicated mentally defective or committed to a mental institution, when, in fact, he had been committed to two mental institutions in 1990. While Newton was originally deemed incompetent to stand trial, the court determined, after a period of Newton's

hospitalization and treatment, that he was able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense.

Upon accepting Newton's plea, the court ordered his conditional release under the supervision of the court's Probation Department.  The court concluded that Newton had proved that he would not create a substantial risk of bodily injury to another person or serious damage to the property of another.  18 U.S.C. § 4243(d) & (f)(2).  He was ordered to participate in psychiatric treatment at the Montgomery Area Mental Health Authority (MAMHA) and to participate in ongoing assessment, treatment, and evaluation by a treatment provider until such time as his treatment provider informed the court that he was no longer in need of psychiatric treatment.  Newton was directed to abstain from both alcohol and illicit drugs.

### b. Newton's Supervision

Since beginning supervision with the United States Probation Office, Newton has been under the care of the MAMHA. He is diagnosed with paranoid schizophrenia and, since 1993, has received both oral medications and injections of Haldol.

In February 2008, while still under the supervision of the Probation Office and receiving treatment at MAMHA, Newton informed his probation officer that his medication had been changed and that he was experiencing negative side effects. He said the side effects included hearing voices, and he wanted to be "locked in a cell and left alone"; he also experienced tingling sensations in his hands and experienced head pain. He informed his probation officer that he was also having homicidal thoughts after the local pharmacy did not fill his prescription promptly. Newton voluntarily attended a nine-day stabilization program at a crisis intervention center.

4

In June 2009, Newton refused MAMHA's treatment recommendations and did not accept certain medications. On July 4, he was arrested for public intoxication. He pled guilty in a city court and paid a $ 50 fine and $ 191 in court costs.

When Newton's probation officer arrived at his home on July 7, 2009, after hearing of Newton's arrest, there was sexually explicit and violent language written on the walls and floors throughout the residence. Newton explained that he wrote these words because of a relationship that ended some 30 years earlier. Newton admitted that he had begun drinking on July 3 and continued to drink on July 4, in violation of his supervision.

Newton voluntarily admitted himself to a hospital emergency room on July 7, 2009, and was released on July 13, after completing a stabilization program. On July 21, he attended his MAMHA appointment and his counselors stated that he appeared in "a functioning state." Newton

5

has resumed his medication and is receiving injections of Haldol.

On the recommendation of his probation officer, Newton is now participating in the case-management program through MAMHA. The Probation Department did not seek any punitive action as a result of Newton's June and July 2009 violations of his supervision.

## II.  DISCUSSION

As this court wrote in another matter, "There appears to be no specific statutory provision directly addressing the legal standards required for the discharge and the termination of the conditional release of a defendant who has pled not guilty only by reason of insanity, such that all supervision by the court ends." United States v. Johnson, 981 F. Supp. 1443, 1445 (M.D. Ala. 1997) (Thompson, J). Nevertheless, in Johnson, the court found that it may unconditionally release and discharge a person after holding a hearing and determining, under the

appropriate burden-of-proof standard, that the person's mental state is such that unconditional release would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Id.

While it is evident from these events that Newton continues to struggle with mental-health difficulties, the time may still come (and, indeed, may have already come) when it is appropriate to eliminate completely the conditions governing his release and to discharge him. The court, therefore, believes it should conduct periodic hearings on this issue. Indeed, the court believes that, in instances such as this of indefinite supervision, periodic review after a lengthy period of supervision is prudent, if not constitutionally required as a part of due process.

In any event, [t]he court at any time may, after a hearing ... modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment." 18 U.S.C. § 4243(f). The court believes that it is time to

7

review whether the current conditions of supervised release are adequate and to conduct such review periodically from now on, especially in the face of Newton's 17 years of supervision without any court review.

In conclusion, so as to assure that Newton's conditional release lasts no longer than necessary and that, if supervision remains necessary, the release conditions are appropriate, the court will from this day forward conduct hearings twice a year on whether Newton should be discharged and, if not, whether the conditions for his supervision remain appropriate.

***

Accordingly, it is ORDERED that hearings on whether defendant Darryl Ray Newton should be discharged and, if not, on whether the conditions for his release remain appropriate, are set for the following dates at 10:30 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery,

Alabama: January 21 and July 6, 2011, February 3 and July 6, 2012, and February 4 and July 8, 2013.  Defendant Newton and his attorney are to be present.  At each hearing, defense and government counsel should be prepared to present expert evidence (in a report or live), based on an examination of defendant Newton, on the relevant issues.

DONE, this the 28th day of December, 2010.

                                       /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE